**Slip Op. 12–126**

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **PRP TRADING CORP**., | |
| Plaintiff, | |
| v. | **Before: Gregory W. Carman, Judge** |
| **UNITED STATES**, | **Court No.  12–00103** |
| Defendant. | |

[*Court lacks jurisdiction; case will be dismissed absent request for transfer.*]

*Peter S. Herrick* of Miami, Florida, for plaintiff.

*Justin R. Miller*, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for defendant.  With him on the brief were *Stuart F. Delery*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Barbara S. Williams*, Attorney-in-Charge. Of counsel on the brief was *Yelena Slepak*, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of New York, NY.

October 2, 2012

### OPINION & ORDER

**CARMAN, JUDGE:**  Before the Court is Defendant United States' ("Defendant" or "Customs") motion to dismiss under USCIT Rule 12(b)(1) for lack of subject matter jurisdiction and under USCIT Rule 12(b)(5) for failure to state a claim upon which relief can be granted.  Plaintiff PRP Trading Corporation ("Plaintiff" or "PRP Trading") brought this case, pursuant to 28 U.S.C. § 1581(a) (2006), challenging the allegedly

improper exclusion of five entries of aluminum extrusions from Malaysia into the

United States.  Defendant asserted that the action is subject to dismissal because the case

involves seized goods and subject matter jurisdiction lies in a federal district court.

> For the reasons set forth below, the Court finds that this is a seizure case and

grants Defendant's motion to dismiss for lack of subject matter jurisdiction.  Absent a

request demonstrating why the interest of justice requires transfer of this case to

another judicial forum by October 9, 2012, the case shall be dismissed by the Clerk of

the Court on October 10, 2012.

### Factual Background

> At issue is the seizure of five entries of aluminum extrusions claimed to be

imported from Malaysia into the port of San Juan, Puerto Rico, in December 2011 and

January 2012.  Compl. ¶¶ 1, 8, 13, 18, 23, 28.  Upon arrival at the port, Customs detained

the merchandise on suspicion that the country of origin marking of the merchandise

was false.  Def.'s Mem. in Supp. of Its Mot. to Dismiss ("Def.'s Mot.") at 2.  Customs

issued notices of detention to PRP Trading.  *Id.*, Ex. 1.  Plaintiff presented the

merchandise to Customs for examination, and thus started the thirty day clock for

Customs to decide upon the admissibility of the merchandise.  Def.'s Reply Mem. in

Supp. of Its Mot. to Dismiss ("Def.'s Reply") at 2.  After examination, Customs decided

to seize all the merchandise.  Def.'s Mot. at 5.  On February 7, 2012, Customs seized all

five entries, and on March 23, 2012, issued notices of seizure to PRP Trading.  *Id.*, Ex. 2.

Because the merchandise was seized, Defendant asserted that jurisdiction lies in a

federal district court pursuant to 28 U.S.C. § 1356 (2006).

Plaintiff countered that this Court has subject matter jurisdiction over this case

pursuant to 28 U.S.C. § 1581(a) because the entries at issue were deemed excluded or

should have been deemed excluded.  Pl.'s Mem. in Supp. of Its Opp'n to Def.'s Mot. to

Dismiss for Lack of Subject Matter Juris. or in the Alternative for Failure to State A

Claim ("Pl.'s Opp'n") at 3-4, 6.  Plaintiff focused its argument on the deemed exclusion

part of the process.  If Customs does not actively issue an admissibility decision within

thirty days of the importer's presentation of the merchandise, then "Customs' inaction

is treated as a decision to exclude the merchandise for purposes of filing an

administrative protest under 19 U.S.C. § 1514(a)(4)," which is referred to as a "deemed

exclusion."  Def.'s Reply at 2 (citing 19 U.S.C. § 1499(c)(5)(A)(2006)[1]).  Two of Plaintiff's

five entries were deemed excluded—D05-0125496-1 and D05-0125498-7—because

Customs did not act upon them within the requisite thirty days from the date the

merchandise was presented for examination.  Pl.'s Opp'n at 4-5.  Plaintiff alleged that it

was prejudiced in claiming jurisdiction for the remaining three entries—D05-012550-5,

---

[1]Under 19 U.S.C. § 1499(c)(5)(A), when Customs fails to make a final
determination with respect to the admissibility of detained merchandise within thirty
days after the merchandise has been presented for Customs examination, it is
tantamount to a decision of inadmissibility and referred to as "deemed exclusion."

D05-0125451-6, D05-0125723-8—for which deemed exclusion should have occurred but

for Customs' delay in examining the merchandise.  *Id*. at 6.  Therefore, relying on the

legal construct of deemed exclusion, Plaintiff argued that the Court has exclusive

jurisdiction under 28 U.S.C. § 1581(a), which confers "exclusive jurisdiction of any civil

action commenced to contest the denial of a protest," for all five of its entries.  *Id*.

Defendant conceded that two of the entries—D05-0125496-1 and D05-0125498-

7—became deemed excluded.  Def.'s Reply at 4.  Defendant explained that the other

three entries—D05-012550-5, D05-0125451-6, D05-0125723-8—were seized within thirty

days, which means that Commerce made an active decision about admissibility, and

thus these entries were not deemed excluded.  "Because no deemed exclusion occurred,

there is no protestable event, and there is no basis for § 1581(a) jurisdiction."  Def.'s

Reply at 2.  Defendant elucidated, however, that deemed exclusion is not the decisive

factor in this case; seizure is the decisive factor.  Deemed exclusion does not affect or

preclude dismissal of the instant case "[b]ecause Customs seized the merchandise prior

to the commencement of the Court action."  Def.'s Reply at 4.  Defendant distinguished

these facts—where seizure occurred on February 7, 2012, before commencement of this

action on April 12, 2012—from the case on which Plaintiff relies to claim

jurisdiction—where seizure occurred after commencement of that action— noting

"[t]his timing forms the critical distinction." Def.'s Reply at 7; *see CBB Group, Inc. v.*

*United States*, 35 CIT __, 783 F. Supp. 2d 1248 (2011) (holding that the court has subject

matter jurisdiction to adjudicate importer's protest of a deemed exclusion of

merchandise where seizure occurred <u>after</u> the commencement of an action) (emphasis

added).  Defendant moves for dismissal of this action.  Def.'s Mot. at 8-12.

## DISCUSSION

While this Court has exclusive jurisdiction of any civil action commenced to

contest the denial of a protest pursuant to 28 U.S.C. § 1581(a), this is a court of limited

jurisdiction.  The Court considered Plaintiff's argument regarding deemed exclusion.

However, this is a seizure case at its heart.  Upon review of the relevant statutes, the

Court agrees with Defendant that the fact of seizure trumps the fact of deemed

exclusion.  Further, the timing of the seizure, before commencement of Plaintiff's action,

makes the jurisdictional analysis of *CBB Group* inapposite to this case.  Because the

merchandise was seized, the Court looks at the jurisdictional statute for seizure found

under 28 U.S.C. § 1356, which provides that

> [t]he district courts shall have original jurisdiction, exclusive of the courts of
> the States, of any seizure under any law of the United States on land or upon
> waters not within admiralty and maritime jurisdiction, except matters within
> the jurisdiction of the Court of International Trade under section 1582 of this
> title.

This statute cross references 28 U.S.C. § 1582, which provides that

> [t]he Court of International Trade shall have exclusive jurisdiction of any civil action which arises of out of an import action and which is commenced by the United States—
> (1) to recover a civil penalty under section 592, 593(A), 641(b)(6), 641(d)(2)(A), 704(i)(2), or 734(i)(2) of the Tariff Act of 1930;
> (2) to recover upon a bond relating to the importation of merchandise required by the laws of the United States or by the Secretary of the Treasury; or
> (3) to recover customs duties.

For this court's exclusive jurisdiction to attach pursuant to 28 U.S.C. § 1582, the case must be brought by the United States, which does not apply to the instant case. Accordingly, Plaintiff must obtain relief by commencing an action in the district court pursuant to 28 U.S.C. § 1356.  The Court holds that it lacks subject matter jurisdiction to hear this case.

Upon deciding that the Court lacks jurisdiction, the final question is what the Court should do with the case.  The possibilities are to grant Defendant's motion and dismiss the case, or to transfer the case to district court.  The Court has a statutory duty to transfer a case to cure a want of jurisdiction, if it is in the interest of justice:

> [w]henever a civil action is filed in a court . . ., including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.

28 U.S.C. § 1631.  The Court notes that Plaintiff has not requested a transfer in its papers.  To provide full opportunity to be heard on this issue, either party may file, by

**Court No. 12-00103**                                                                                    **Page 7**

October 9, 2012, a letter demonstrating if the interest of justice requires transfer of this

case to another judicial forum.  Absent such a request, the case will be dismissed for

lack of subject matter jurisdiction by the Clerk of the Court on October 10, 2012.

CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Clerk of the Court shall dismiss this case on October 10, 2012,

unless a party shows by letter filed with the Court by October 9, 2012 that the interest of

justice requires transfer to another forum.


                                                       ___/s/ Gregory W. Carman___
                                                       Gregory W. Carman, Judge

Dated: October 2, 2012
         New York, NY